# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHAVAUGHN CARLOS WILSON-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 1:12-cv-638-TWP-DML |
| | ) |
| D. MAJORS, T. ESTEB, C. TATE, D. | ) |
| VANTREESE, T. WHITE, J. MCVAY, | ) |
| CHRISTIE LUNSFORD, Dr. WILLIAM | ) |
| H. WOLFE, BARKOFSKY, | ) |
| W. WEAVER, | ) |
| | ) |
| Defendants. | |

**Entry Discussing Pending Motions and Directing Further Proceedings**

This matter is before the Court on defendants' motion to dismiss and plaintiffs' motion for leave to amend the complaint. For the reasons explained in this Entry, the defendants' motion to dismiss [Dkt. 12] is **granted** as to all state law claims, including claims brought under the Indiana Constitution. The motion to dismiss is **denied** in all other respects. The plaintiff's motion for leave to amend [Dkt. 20] is **denied.**

## I. Background

This is an action originally filed in Indiana state court by plaintiff Shavaughn Carlos Wilson-El, a prisoner currently confined at the Pendleton Correctional Facility. The defendants who have appeared, Daniel Majors, Timothy Esteb, C. Tate, Dustin Vantreese, T. White, John McVay, Michelle Barofsky, and William

Weaver, removed the action to this court on May 11, 2012. These defendants seek dismissal of the claims against them pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

*Allegations*

In his complaint, plaintiff alleges that while confined at the Marion County Jail on August 11, 2009, some of the defendants used excessive force against him causing injury to his lip and teeth and some defendants used excessive force by deploying a taser on his right leg and back when he was being held to the ground. Further, plaintiff alleges some defendants failed to intervene to prevent the use of excessive force and one of the defendants, Mr. Majors, retaliated against the plaintiff for threatening to file a lawsuit for previous assaults by jumping on plaintiff's back with his knee and injuring his head and left hand. The plaintiff asserts claims under the First and Eighth Amendments to the United States Constitution, the Indiana Constitution, and state law claims of negligence, assault and battery.

*Legal Standard*

In considering a motion to dismiss for failure to state a claim, the court reviews the complaint in light of Rule 8(a) of the *Federal Rules of Civil Procedure*, which provides: "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of complaints that state no actionable claim. In conducting an appropriate analysis for this purpose,

> [a]ll well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. [*Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008)]. The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965, 1973 n.14, 167 L.Ed.2d 929 (2007)).

*Hale v. Victor Chu,* 614 F.3d 741, 744 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

## II. Discussion

The moving defendants argue that they are entitled to dismissal of all of the plaintiff's claims because (1) his complaint is barred by the applicable statute of limitations, (2) the plaintiff is not entitled to monetary relief for claims brought under the Indiana Constitution, and (3) the plaintiff's state law claims against the moving defendants in their individual capacities are barred by his failure to file a tort claim notice pursuant to the Indiana Tort Claims Act and by the fact that the defendants were acting within the scope of their employment.

*Statute of Limitations*

The complaint was signed on July 27, 2011, and file stamped in Marion Circuit Court on September 14, 2011. The plaintiff's "appearance" was dated by him on August 10, 2011, and filed on September 14, 2011. His motion for relief from fee in civil action was signed by prison counselor T. Mark on July 28, 2011, and was

filed stamped on August 8, 2011. The plaintiff contends that his complaint is timely filed because of the prisoner "mailbox rule."

The moving defendants request that the plaintiff's exhibits attached to his response not be considered in ruling on the motion to dismiss. This request illuminates the problem that arises when a defendant brings a Rule 12(b)(6) motion to resolve an affirmative defense. "[C]ourts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). "Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim.' *Id.* "The mere presence of a potential affirmative defense does not render the claim for relief invalid. Further, these defenses typically turn on facts not before the court at that stage in the proceedings." *Id.* Although motions to dismiss based on the statute of limitations may be granted when "the relevant dates are set forth unambiguously in the complaint," *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009), it appears in this instance that the dates are not clearly established on the face of the complaint.[1]

As pointed out by the plaintiff, the "mail box rule" applies to this case. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001)("We need not decide here whether there is any kind of paper, or any circumstance, under which a district court would be entitled to hold a *pro se* prisoner litigant to an actual receipt

---

[1] In addition, the Seventh Circuit has "repeatedly cautioned that the proper heading for such motions [seeking dismissal on the basis of affirmative defenses] is Rule 12(c), since an affirmative defense is external to the complaint." *Brownmark Films*, 682 F.3d at 690, n.1.

standard, but we are confident that this would be an exceptional situation."). The plaintiff signed his complaint on July 27, 2011. If this is also the date he delivered the complaint to prison authorities, *Houston v. Lack*, 487 U.S. 266, 276 (1988), his complaint was timely filed. Plaintiff alleges that the prison staff delayed placing his package in the mail. In support of this contention, he has submitted papers showing that he filed a grievance concerning that delay.

Aside from the circumstances surrounding the date of mailing, the time during which the plaintiff exhausted his administrative remedies may also toll the deadline. *See Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008). It is apparent that the relevant dates cannot be established solely on the basis of the pleadings. Therefore, the moving defendants' motion to dismiss based on the statute of limitations [Dkt. 12] is **denied.**

*Claims Brought under the Indiana Constitution*

The complaint asserts claims under Sections 15 and 16 of the Indiana Constitution. Section 15 provides that "[n]o person arrested, or confined in jail, shall be treated with unnecessary rigor." Section 16 provides, in relevant part, that "[c]ruel and unusual punishments shall not be inflicted."

The moving defendants argue that there is no private cause of action for these claims. The court agrees. The Indiana Supreme Court has held that "[t]here is no explicit language in the Indiana Constitution providing any specific remedy for violations of constitutional rights." *Cantrell v. Morris*, 849 N.E.2d 488, 499 (Ind. 2006). "Unless the State constitution precludes statutory limitations of remedies for constitutional violations, the damage remedy is itself subject to those statutory

restrictions." *Id.* at 507. S*ee also Branson v. Newburgh Police Dept.,* 849 F.Supp.2d 802, 812 (S.D. Ind. 2011)(granting partial summary judgment in favor of defendant as to claims seeking damages for a violation of the Indiana Constitution, stating "there is no need to create a new cause of action when existing tort law amply protects a right guaranteed by the Indiana Constitution."); *Raines v. Strittmatter,* 1:03-cv-1289-JDT-TAB, 2004 WL 2137634, *5 (S.D. Ind. June 29, 2004). In this case, the plaintiff's Eighth Amendment claims provide protection for the State constitution's comparable rights to not be treated with "unnecessary rigor" and to prohibit "cruel and unusual punishment." Therefore, the defendants' motion to dismiss the claims brought under the Indiana Constitution [Dkt. 12] is **granted.**

*Tort Claims Act*

The moving defendants argue that the plaintiff failed to file a tort claim notice and therefore all state law claims against the defendants in their individual capacities must be dismissed. This may be true, but it cannot be determined by merely considering the allegations in the complaint. The complaint does not allege that the plaintiff did or did not file a tort claim notice. The plaintiff, in fact, argues that he did file a tort claim notice. Therefore, the motion to dismiss must be **denied** on this basis.

The moving defendants further argue that because the complaint alleges that the defendants were employed by and on duty with the Marion County Jail at the time of the incident, the state law tort claims are barred by the Indiana Tort Claims Act. This is true. "A lawsuit filed against [a public] employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly

outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." IND. CODE § 34-13-3-5(c). "A lawsuit alleging that [a public] employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." IND. CODE § 34-13-3-5(b). "[I]f the complaint alleges that a government employee acted within the scope of employment, then a motion to dismiss under Trial Rule 12(b)(6) would be the appropriate course of action." *Bushong v. Williamson*, 790 N.E.2d 467, 472 n.4 (Ind. 2003). The complaint fails to state a claim against the moving defendants in their individual capacities as to any state law tort claims. The motion to dismiss the state law claims against the moving defendants in their individual capacities [Dkt. 12] is **granted.**

### III. Conclusion

#### A.

For the reasons set forth above, the moving defendants' motion to dismiss [Dkt. 12] is **granted** with respect to the state law claims against the defendants. The motion to dismiss [Dkt. 12] is **denied** in all other respects.

The federal claims against the moving defendants in their individual capacities remain pending.

#### B.

The plaintiff's motion for leave to amend complaint [Dkt. 20] is **denied** because the proposed amended complaint asserts, in part, the claims that have been dismissed through this Entry. In addition, to the extent the plaintiff seeks to add

additional defendants, the statute of limitations has expired as to the August 11, 2009, incident. To attempt to add new defendants at this time would be futile. *See Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991) ("To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs.").

## IV.  Further Proceedings

### A.

Defendants Christie Lunsford, nurse, and Dr. William H. Wolfe, both of the Marion County Jail Department, had not appeared at the time the action was removed to this court. Therefore, they did not and could not join in the removal. The plaintiff was directed to show cause why the time for service should be extended or why the action should not be dismissed based on the failure to serve process within the time specified in Rule 4(m) as to defendants Christie Lunsford and Dr. William H. Wolfe.

In response, the plaintiff asserts that the Marion County Sheriff's Department served these two defendants by registered or certified mail on April 24, 2012. He acknowledges that they have not appeared nor responded to the complaint. He argues that he complied with the rules. He alleges that he has filed a request for the Marion County Circuit Court to enter default judgment against these two defendants. He does not report whether or how the Circuit Court ruled on his request. The plaintiff now requests that this court enter judgments by default against these two defendants.

Based on page 3 of the "returns of service" filed as docket 9-2, it appears that as to Christie Lunsford, the Sheriff's Deputy noted "left MCSO in 2009. No longer works for company." In addition, there is no record demonstrating that service was accepted by Dr. Wolfe. Accordingly, these defendants have not been properly served and are not in default. Based on the failure to timely serve these defendants, any claims against Christie Lunsford and Dr. Wolf are **dismissed** pursuant to Rule 4(m) of the *Federal Rules of Civil Procedure.*

**B.**

The parties shall have **through January 31, 2013,** in which to complete discovery. The parties shall have **through March 1, 2013,** in which to file any further dispositive motions, including a motion for summary judgment.

**IT IS SO ORDERED.**

Date: 11/27/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Shavaughn Carlos Wilson-El
917706
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel